**IN THE UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

Civil Action No.   1:18-cv-00138-RBW

---

In re CARLOS ROBERTO ALLEN,

Debtor

---

CARLOS ROBERTO ALLEN,

Defendant/Appellant

vs.

DOUGLASS SLOAN

Plaintiff/Appellee,

---

Appeal From
The United States Bankruptcy Court
For The District of Columbia
Adversary Proceeding No. 16-10027

---

**APPELLANT'S OPENING BRIEF**

---

Jon D. Pels, Esq., DC Bar # 450445
THE PELS LAW FIRM, LLC
4845Rugby Avenue, 3RD Floor
Bethesda, MD 20814
(301) 986-5570 (T)
(301) 986-5571 (F)

**TABLE OF CONTENTS**

I.  STATEMENT OF JURISDICTION                                                **1**

II  STATEMENT OF ISSUES                                                        **1**

III. STANDARD OF REVIEW                                                        **1**

IV. STATEMENT OF THE CASE                                                      **2**

       *1.  FACTUAL*                                                              *2*

       *2.  PROCEDURAL*                                                           *3*

V. ARGUMENT SUMMARY                                                            **6**

       *A.   The bankruptcy court erred in finding that allen failed to rebut the presumption of failure to act with due diligence prior to trial*          *7*

       *B.   Evidence of the existence and validity of the promissory note should have been considered by the bankruptcy court to prevent a manifest injustice*          *9*

       *C.  The bankruptcy court erred in finding that the brooks note was not a legitimate debt*          *13*

VI. CONCLUSION                                                                 **15**

## TABLE OF AUTHORITIES

*EEOC v. Lockheed Martin Corp.*, 116 F.3d 110 (4th Cir. 1997) ...............10, 11, 12

*Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007).... 9

*Firestone v. Firestone*, 76 F.3d 1205, 1028 (D.C. Cir. 1996) ................................. 1

*Ford v. Troyer*, 25 F.Supp.2d 723 (E.D.La.1998) ............................................10, 11

*Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)........................7, 10, 11

*In re Adeeb*, 787 F.2d 1339, 1342 (9th Cir.1986) ................................................ 13

*In re Greene*, No. 10-51071-SCS, 2013 WL 1724924, at *16 (Bankr. E.D. Va. Apr.

  22, 2013) ........................................................................................................... 9

*In re Red Carpet Corp.*, 902 F.2d 883, 890 (11th Cir.1990).................................. 2

*In re Yankah*, 514 B.R. 159, 167 (E.D. Va. 2014) ...........................................10, 12

*James v. Jacobson*, 6 F.3d 233, 242 (4th Cir.1993)............................................... 2

*Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 402–03 (4th Cir. 1998)....... 2

*Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)

  ........................................................................................................................ 15

*Sinclair v. Mobile 360, Inc.*, 417 F. App'x 235, 243 (4th Cir.2011) (unpublished

  decision)............................................................................................................. 9

*Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1138 (D.C.Cir.1988) .. 2

*Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir.1999) .................... 2

COMES NOW Appellant, Carlos Roberto Allen ("Allen," "Debtor," or "Appellant"), by and through the undersigned counsel, and hereby submits the following Appellant's Opening Brief:

## I.  STATEMENT OF JURISDICTION

This appeal arises from an order of the United States Bankruptcy Court for the District of Columbia denying Appellant's Motion for Reconsideration of Judgment. The order was entered on January 6, 2018. The Bankruptcy Court had jurisdiction to enter the final order pursuant to 28 U.S.C. §§ 157(a), 157(b)(1) and 1334.  The appeal was timely filed on January 19, 2018. (Fed. R. Bankr. P. 8002) This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158.

## II  STATEMENT OF ISSUES

a.      Did the Bankruptcy Court err in finding that Allen has failed to rebut the presumption that, prior to the trial, he did not act with due diligence to seek out and present what he demonstrated to be "new evidence"?

b.      Did the Bankruptcy Court err in failing to find that the debt Allen owed to his spouse was legal, valid and binding?

## III. STANDARD OF REVIEW

The standard of review for both issues is the same. A trial court's denial of a Rule 59(e) motion for reconsideration is reviewed for abuse of discretion.  See *Firestone v. Firestone*, 76 F.3d 1205, 1028 (D.C. Cir. 1996); *Twelve John Does v. District of*

*Columbia*, 841 F.2d 1133, 1138 (D.C.Cir.1988). "[A]n abuse of discretion occurs if the judge fails to apply the proper legal standard or to follow proper procedures in making the determination, or... [makes] findings of fact that are clearly erroneous." See, e.g., *In re Red Carpet Corp.*, 902 F.2d 883, 890 (11th Cir.1990).

A court "abuses its discretion if its conclusion is guided by erroneous legal principles or rests upon a clearly erroneous factual finding." *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir.1999) "[And] when it fails to take relevant factors intended to guide its discretion into account or when it acts on the basis of 'legal or factual misapprehensions' respecting those factors." See *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 402–03 (4th Cir. 1998) (quoting *James v. Jacobson*, 6 F.3d 233, 242 (4th Cir.1993)).

## IV. STATEMENT OF THE CASE

## 1.  FACTUAL

On July 23, 2008, Allen, Douglass Sloan ("Sloan") and Karen James executed a promissory note (the Sloan Note) whereby Sloan and James agreed to loan to Allen $60,000.00, and Allen agreed to repay $72,000.00 within 60 days, with interest accruing thereafter at the highest rate permitted under District of Columbia law if Allen failed to make the full $72,000.00 payment by the 60-day deadline.  The loan was to be used for work on a property owned by Allen's mother, Anna Allen, and located at 3102 18th Street, N.W., Washington, D.C. (the

"Property"). Carlos Allen had a power of attorney for Anna Allen and was, thus, authorized to borrow money against the Property.

Allen failed to repay $72,000 within 60 days, but continued to make monthly payments on the Sloan Note, first in the amount of $1,000 and then in the amount of $500 until March 10, 2014.

Allen sold the Property on August 2, 2013. The Property was encumbered by a mortgage with a payoff balance of $628,867.08 with additional disbursement charges to seller of $311,900.00. Allen used some of the sales proceeds to pay three contractors and to purchase a tour bus from David Williams. Additionally, $270,000.00 of the sales proceeds were distributed to AMG, Inc. ("AMG"). As Allen testified at trial, the distribution of $270,000.00 of the proceeds to AMG was a disbursement in satisfaction of a loan that Karen Brooks, Allen's now estranged wife, made to Allen in 2005 pursuant to a promissory note (the "Brooks Note").

According to the Brooks Note, on September 23, 2005, almost three years before Allen and Sloan entered into their loan agreement, Brooks loaned Allen $102,000.00, bearing interest at 20 percent per annum, compounded monthly. The Brooks Note granted Brooks a security interest in the Property as collateral to secure repayment of the loan. It is the very existence and veracity of the Brooks Note that is the core of this appeal.

## 2.  PROCEDURAL

On January 20, 2016, Allen filed for bankruptcy in the U.S. District Court for the District of Columbia, Case No. 16-00023.  (DKT#1 16-00023)

On June 6, 2016, Sloan filed an adversary proceeding in the same matter, no. 16-10027, seeking to have the Bankruptcy Court treat Allen's outstanding obligation to him pursuant to the Sloan Note as nondischargeable, or, alternatively, deny Allen a discharge. (DE# 1)

A trial was held on July 14, 2017, and the Bankruptcy Court issued a Memorandum Decision (DE 75)  and, on September 21, 2017, a Judgment was entered denying Allen a discharge pursuant to 11 U.S.C. § 727(a)(3) and 11 U.S.C. § 727(a)(4)(A). (DE 76)

The Bankruptcy Court found that Allen fabricated the Brooks Note, which represented a non-existent loan.  Consequently, the Bankruptcy Court denied Allen a discharge pursuant to 11 U.S.C. § 727(a)(3).  The Bankruptcy Court also found that Allen falsely testified that his transfer of the sales proceeds to AMG was made in satisfaction of the Brooks Note, in a fraudulent attempt to defend against Sloan in the adversary proceeding.  On the basis of this testimony that the Bankruptcy Court found to be false, the Court denied Allen a discharge pursuant to 11 U.S.C. § 727(a)(4)(A).

Allen filed a timely Motion for Reconsideration of Judgment pursuant to

Fed. R. Bankr. P. 9023, which the Bankruptcy Court treated as a Fed. R. Civ. P.

59(e) motion to alter or amend the court's judgment.  (DE 79)

Throughout the course of the Bankruptcy Court's proceeding, Allen

submitted to the Court a copy of the Brooks Note, pages 1 and 3. (Dkt.No 27, Ex H

)It was not until the Motion for Reconsideration that Allen, and acting as a pro se

litigant, was able to locate and attach a new copy of the Brooks Note, which now

also included page 2 of the document.  (DE 91 P 129, Exh 1) Allen also attached a

number of other documents, including: (1) a letter from MBNA American

confirming Karen Brooks' creation of a line of credit account and noting a pending

$25,000.00 transfer to a Bank of America account; (2) a receipt of an $80,000.00

wire transfer from Karen Brooks' account at SunTrust Bank to a Bank of America

account with the beneficiary noted as "AFF Mortgage Inc.";   (3) a bank statement

from Karen Brooks' account at Bank of America detailing transactions spanning

from August 15, 2005 to September 27, 2005; (4) photocopies of receipts of three

checks written from Karen Brooks to Carlos Allen between August 25, 2005 and

December 8, 2005; and (5) a collection of bills and invoices for labor and goods

purchased on behalf of the mortgage company that Brooks and Allen ran together,

AFS Mortgage and Contracting, Inc. ("AFS").  (DE 75, Pp 131-179, Exhs. 1-6)

The Bankruptcy Court denied Allen's Motion for Reconsideration  on the ground that Allen failed to rebut the presumption that he failed to act with due diligence to locate and present the additional documents prior to trial. (DE 91)  The Bankruptcy Court further found that, even if the Court were to consider the additional documents, the contents of those documents did not justify reconsideration of the judgment. (DE 91 P.8)

## V. ARGUMENT SUMMARY

The Bankruptcy Court abused its discretion in denying Mr. Allen's Motion for Reconsideration, and therefore created a manifest injustice that must now be corrected.  Mr. Allen argues that he exercised as much diligence as he thought was required under the circumstances. With no legal training, he did not know that he had to meet the requirements of the "due diligence" standard, and produce a "paper trail" for the court.  Therefore, he produced as much documentation as was available at the time. He understood the gravity of his situation. He knew it was in his best interests to put on the best case he could, so it does not follow that he would act against these interests by purposely producing insufficient evidence.

The courts generally make allowances for pro se litigants lack of legal knowledge, and grants them some leeway in the presentation of their cases, even in situations where the litigant was in possession of the evidence at the time of the original proceeding.

The Bankruptcy Court should have taken Mr. Allen's pro se status into consideration and allowed him to provide additional evidence that he did not know he needed at trial.

## A.    The bankruptcy court erred in finding that allen failed to rebut the presumption of failure to act with due diligence prior to trial

The purpose of a Fed. R. Civ. P. 59 (e) motion for reconsideration, brought in bankruptcy court pursuant to Fed. R. Bankr. P. 9023 is to provide a party with the opportunity to present the court with newly discovered evidence, or correct a manifest error of law or fact in the court's judgment. See, e.g., *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)

In support of his Motion for Reconsideration, Mr. Allen, *pro se*, attached several exhibits.  These included (1) a letter from MBNA American confirming Karen Brooks' creation of a line of credit account and noting a pending $25,000.00 transfer to a Bank of America account; (2) a receipt of an $80,000.00 wire transfer from Karen Brooks' account at SunTrust Bank to a Bank of America account with the beneficiary noted as "AFF Mortgage Inc."; (3) a bank statement from Karen Brooks' account at Bank of America detailing transactions spanning from August 15, 2005 to September 27, 2005; (4) photocopies of receipts of three checks written from Karen Brooks to Carlos Allen between August 25, 2005 and December 8, 2005; and (5) a collection of bills and invoices for labor and goods purchased on behalf of the mortgage company that Brooks and Allen ran together, AFS

Mortgage and Contracting, Inc. ("AFS").  The court ruled that Mr. Allen could have obtained these exhibits before trial, and therefore did not rebut the presumption of lack of due diligence.

Mr.  Allen was aware that Plaintiff was questioning the validity of the Brooks Note. He thought that producing the actual document was sufficient to prove its validity. (DE  91, P.9 ) He did not realize that the court also required a "paper trail" of funding for the account. He provided the court with the only copy of the Brooks Note that he could obtain at the time.  He attempted to get other supporting documentation, but he and his wife resided separately, so he was forced to rely on her representations that she had no such documents.

Mr. Allen understood that his financial interests depended on his producing adequate documentation of the Brooks Note. He lacked sufficient training to know that he was required to conform to a specific standard, such as "due diligence." In light of Mr. Allen's appreciation of the gravity of his situation, it does not follow that he would willingly settle for evidence that was insufficient to support his case.

With such high stakes, Mr. Allen would have made additional effort to secure the required documentation at trial if he had known it was necessary. Realizing his mistake after the court's denial of his discharge, Mr. Allen gathered

all he was able to locate, and, for the second time, requested information from his wife, despite her previous representations that she had none.

A *pro se* party in Mr. Allen's situation has every interest in presenting his best case but does not have the knowledge and training to do so. For this reason, courts are more lenient with *pro se* litigants.

"It is axiomatic that unrepresented litigants are to be afforded liberal construction of their pleadings."  *In re Greene*, No. 10-51071-SCS, 2013 WL 1724924, at *16 (Bankr. E.D. Va. Apr. 22, 2013), aff'd sub nom. Greene v. U.S. Dep't of Educ., No. 4:13CV79, 2013 WL 5503086 (E.D. Va. Oct. 2, 2013), aff'd, 573 F. App'x 300 (4th Cir. 2014) (citing *Sinclair v. Mobile 360, Inc.*, 417 F. App'x 235, 243 (4th Cir.2011) (unpublished decision)) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007)) ("Put succinctly, we impose on pro se litigants—even those who may be cantankerous or make extraneous and inappropriate assertions against their opponents or the court—'less stringent standards than formal pleadings drafted by lawyers.'")).

## B.    Evidence of the existence and validity of the promissory note should have been considered by the bankruptcy court to prevent a manifest injustice

Generally, courts interpreting Rule 59(e) have recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to

correct a clear error of law **or prevent manifest injustice**. See, e.g., Hutchinson ,

supra (Emphasis Added)

Courts considering Rule 59(e) motions for reconsideration have allowed movants

to rely on more detailed, or even contradictory, evidence in order to argue that a

manifest injustice would result if Rule 59(e) motion for reconsideration is denied.

See, e.g., *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110 (4th Cir. 1997); *Ford v.

Troyer*, 25 F.Supp.2d 723 (E.D.La.1998); *In re Yankah*, 514 B.R. 159, 167 (E.D.

Va. 2014).

    In *Lockheed*, the Fourth Circuit Court of Appeals upheld the district court's

use of evidence that was not new, and could have easily been obtained prior to

trial, to grant a Rule 59(e) motion to "correct a clear error of law or prevent a

manifest injustice."  116 F.3d at 112 (4th Cir. 1997) (quoting *Hutchinson*, supra.)

The district court had reconsidered a decision to deny enforcement of an EEOC

subpoena in light of revised affidavits submitted by the agency.  The revised

affidavits more thoroughly explained EEOC's position.  The district court

recognized that, since the EEOC affidavits were available at the time the

Commission originally sought enforcement of the subpoena, they did not constitute

newly discovered evidence, providing the proper basis for a Rule 59(e) motion.  Id.

However, the district court specifically clarified in its order denying stay of the

subpoena that "new evidence" was not the basis for its order granting the Rule

59(e) motion.  Id.  The court explained that the affidavits made it clear that the

order denying enforcement was based on an erroneous understanding of the

relevance of the information sought by the EEOC.  Id.  Thus, the court based its

decision to grant the motion for reconsideration on the third prong of the

*Hutchinson* test. That prong permits a court, in its discretion, to grant a Rule 59(e)

motion "to correct a clear error of law or prevent manifest injustice."  Id. (quoting

*Hutchinson*, 994 F.2d at 1081).

Similarly, in the case at hand, the Bankruptcy Court should have considered

the evidence provided by Mr. Allen with the Motion To Reconsider, even if the

evidence was available before, in order to prevent manifest injustice.  Just like

EEOC in *Lockheed* was allowed to introduce more detailed affidavits to prove its

case, Mr. Allen should have been allowed to introduce more detailed evidence of

the existence of the promissory note to prove his and to prevent a manifest

injustice.

This conclusion is even more appropriate in light of Mr. Allen's *pro se*

status where the unrepresented litigant cannot fully understand and appreciate

evidentiary rules and requirements.  For example, a district court in Louisiana

granted a Rule 59(e) motion because a party's *pro se* status prevented him from

appreciating evidentiary rules and requirements. *Ford v. Troyer*, 25 F.Supp.2d 723

(E.D.La.1998).  In Ford, a *pro se* litigant requested reconsideration pursuant to

Rule 59(e) of an unfavorable ruling on summary judgment. *Id*. at 725.  The Court

granted his request and allowed him to present a tax document directly

contradicting the dispositive factual finding underlying the unfavorable judgment.

*Id*.  The *Ford* Court noted that the litigant's "failure to introduce this evidence on

time was due to his *pro se* status and understandable lack of knowledge about

federal procedure." *Id*. at 726.

Similarly, in  *In re Yankah*, the district court upheld the bankruptcy court's

holding allowing a pro se litigant to introduce revised evidence.  514 B.R. 159, 167

(E.D. Va. 2014).  "As in *Lockheed*, the bankruptcy court appears to have granted

reconsideration on the grounds that Yankah had provided a revised affidavit more

thoroughly demonstrating her damages; the bankruptcy court explicitly held that

refusing to consider Yankah's revised affidavit in light of her *pro se* status and

inexperience with evidentiary requirements would result in manifest injustice.

Because there is legal support for the bankruptcy court's [order], it was not guided

by erroneous legal principles and, therefore, did not abuse its discretion."

    Mr.   Allen first presented the Brooks Note as an attachment to his Pre Trial

Statement. (Dkt. No 27, Exh.H ) This copy was composed only of pages one and

three, and contained numbered paragraphs. It was admitted as a trial exhibit.  A

copy with the second page inserted was attached to the Motion for

Reconsideration. The Bankruptcy Court said that even if it had granted the Motion

for Reconsideration, it would have denied the relief requested because the new

copy of the Brooks Note, and the additional exhibits further showed that the note

was a sham.

However, the Memorandum Decision issued after the trial does not discuss

the makes no mention  of the missing paragraphs in the numerical sequence of the

paragraphs in the trial exhibit.  The absence of any note of the error may indicate

that  neither Plaintiff's counsel, nor the Court, perceived the omission. If the

Brooks Note were indeed fabricated, it would not contain these errors, that, in

hindsight, are glaring.  Mr. Allen, appreciating the gravity of his situation, would

not have submitted a document without such obvious flaws. Further, there is no

indication that the Brooks Note was professionally prepared. Parties to a

transaction, who have a long standing business and personal relationship, may not

be concerned with professional drafting standards, and may produce documents

with certain inconsistencies. Inconsistencies in format and paragraphing should not

lead to the conclusion that a document is fabricated.

## C.    The bankruptcy court erred in finding that the brooks note was not a legitimate debt

As a matter of statutory construction, objections to discharge are construed

liberally in favor of the debtor and strictly against the objector. *In re Adeeb*, 787

F.2d 1339, 1342 (9th Cir.1986). In deciding that the Brooks note was a fabrication,

the court considered factors such as actual ownership of  AMG, the series of

exhibits Mr. Allen presented in support of the Brooks Note and the purported inconsistencies in the Brooks Note. The court seems to have considered Mr. Allen's evidence in the most negative light possible, making no allowances for his *pro se* status.

For example, in its emphasized the "inconsistencies" in paragraph 8 of the Brooks Note:

> Karen Brooks obtained the money for Carlos Roberto Allen, & Anna Allen by taking funds from her Cash Out Retirement fund from her employer.
>
> The borrower will pay off the following loans:
>
> Loan # 1- MBNA account # [redacted]32 43        $25,000.00
>
> Loan #  2 Suntrust, account # [redacted]3530        $78,000.00

(DE 91, P. 14)

The alleged inconsistencies in this paragraph are that some of the language is in the past tense, and that Karen Brooks may also have obtained monies from a source other than MBNA. Mr. Allen's explanation that Ms. Brooks changed her mind about the source of funds is reasonable, and not noteworthy in the context of the relationship between Mr. Allen and Ms. Brooks. It should also be noted that the Brooks Note memorializes a loan made in 2005.  The "past tense" discrepancy, can, in the light most favorable to the debtor  be attributed to a grammatical error.

The Memorandum Opinion is devoid of any acknowledgement that Mr, Allen was

pro se, and devoid of any mention of liberal construction in favor of the debtor. As

previously discussed, acknowledging the lack of training of pro se litigants is well

established in the federal courts. Mr Allen was not afforded this opportunity, thus

creating a manifest injustice. Rule 59(e) "essentially enables a district court to

correct its own errors, sparing the parties and the appellate courts the burden of

unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors

Corp.*, 51 F.3d 746, 749 (7th Cir. 1995).

## VI. CONCLUSION

In light of the above, Defendant Carlos Allen respectfully requests that this

court reverse the Bankruptcy Court's denial of discharge, and, or in the alternative,

reverse the  Bankruptcy Court' s denial of his Motion for Reconsideration, and

remand it to the Bankruptcy Court for proceedings consistent with its order.

Respectfully submitted,

THE PELS LAW FIRM

Dated: May 28, 2017                    /s/ Jon D. Pels
                                       Jon D. Pels, Esq., DC Bar # 450445
                                       jpels@pelslaw.com
                                       4845Rugby Avenue,
                                       Third Floor
                                       Bethesda, MD 20814
                                       (301) 986-5570 (T)
                                       (301) 986-5571 (F)
                                       *Counsel for Defendant/Appellant]*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on <u>March 28, 2017</u>, I caused a true and correct copy of the foregoing Appellant's Opening Brief to be served via the Court's ECF system to all registered participants, including:

Howard E. E. Haley , IV
THE HALEY FIRM, PC
7600 Georgia Avenue
Suite 405
Washington, DC 20012
(202) 810-6329
Fax: (202) 706-7375
Email: haleyfirm@gmail.com
*Counsel for Appellee Douglass Sloan*


/s/ Jon D. Pels
Jon D. Pels, Esq., DC Bar # 450445