IN THE UNITED STATES DISTRICT
FOR THE DISTRICT OF COLUMBIA

---

Civil Action No. 1:18-cv-00138-RBW

---

IN Re: CARLOS ROBERTO ALLEN

Debtor

---

CARLOS ROBERTO ALLEN,
                    Defendant/Appellant
v.

DOUGLASS SLOAN,
                    Plaintiff/Appellee

---

Appeal from
The United States Bankruptcy Court
For the District of Columbia
Adversarial Proceeding No. 16-10027

---

BRIEF FOR APPELLEE

---

Howard Haley, Esq. #999376
The Haley Firm, PC
7600 Georgia Ave, NW
Suite 405
Washington, DC 20012
Office: (202) 810-6329
Fax: (202) 706-7375
HaleyFirm@gmail.com
*Counsel for Appellee*

April 27, 2018

## STATEMENT OF PARTIES AND COUNSEL

The undersigned counsel for Appellee certifies that the following listed parties appeared below:

Appellant:   Carlos Roberto Allen

Represented in the United States Bankruptcy Court by:

Richard H. Gins, Esq.
4710 Bethesda Avenue, Suite 204, Bethesda, MD 20814
(Entered case on February 25, 2016 / Withdrew w/ Debtor consent July 26, 2016)

Edward Gonzalez, Esq.
2405 Eye Street, NW, Suite 1A, Washington, DC 20037
(Entered case on February 11, 2017 / Granted Withdrawal June 27, 2017)

Alisha Gordon, Esq.
(Entered case on July 14, 2017 / Counsel through Trial)

William Byrd, Esq.
(Entered case on July 14, 2017 / Counsel through Trial)

Jon D. Pels, Esq.
(Entered case on February 6, 2018 / Current Counsel of Record)


Represented in this Court by:

Jon D. Pels, Esq.
(Entered case on July 14, 2017 / Counsel through Trial)
4845 Rugby Avenue
3rd Floor
Bethesda, MD 20814
(301) 986-5570
(301) 986-5571 (F)
*Counsel for Appellant*

Appellee:   Douglass Sloan

Represented in the United States Bankruptcy Court and this Court by:

Howard Haley, Esq. #999376
The Haley Firm, PC
7600 Georgia Ave, NW

Suite 405
Washington, DC 20012
Office: (202) 810-6329
Fax: (202) 706-7375
HaleyFirm@gmail.com
*Counsel for Appellee*

Appellant is the debtor, Carlos Roberto Allen, an individual who is a resident of the

District of Columbia.  Appellee, Douglass Sloan, is a creditor of the debtor and an individual

who is also a resident of the District of Columbia. These representations are made in order that

the judges of this Court may evaluate possible recusal.

Respectfully,

Howard Haley, Esq. #999376
The Haley Firm, PC
7600 Georgia Ave, NW
Suite 405
Washington, DC 20012
Office: (202) 810-6329

# TABLE OF CONTENTS

*Page*

STATEMENT OF COUNSEL............……………………………………………… ii

TABLE OF CONTENTS............……………………………………………….. iv

TABLE OF AUTHORITIES....…………………………………………………. v

I.      STATEMENT OF JURISDICTION................................................... 1

II.     STANDARD OF REVIEW.............................................................. 2

III.    STATEMENT OF THE CASE......................................................... 2

IV.     ARGUMENT................................................................................. 4

   1.  THE BANKRUPTCY COURT PROPERLY EXERCISED ITS DISCRETION WHEN IT DENIED DEFENDANT ALLEN'S MOTION FOR RECONSIDERATION OF JUDGMENT BY FINDING THAT HE HAD FAILED TO REBUT THE PRESUMPTION OF LACK OF DUE DILIGENCE IN LOCATING DOCUMENTS AND PRESENTING THEM TO THE COURT FOR CONSIDERATION PRIOR TO TRIAL.................................................4

   2.  THE BANKRUPTCY COURT CORRECTLY DETERMINED THAT THE PURPORTED BROOKS NOTE WAS A SHAM AND BROOKS NEVER MADE A $102,000 LOAN TO ALLEN.................................6

   3.  ALLEN'S PRO SE STATUS WAS NOT A FACTOR TO BE GIVEN DEFERENCE – HE WAS REPRESENTED BY COUNSEL THROUGH THE PENDENCY OF THIS LITIGATION....................9

CONCLUSION......................................................................................... 11

CERTIFICATE OF SERVICE........................................................................12

## TABLE OF AUTHORITIES

*__Cases__*                                                                   *__Page(s)__*

*Hamer v Neighborhood Housing Servs. of Chicago* ........................................ 2
        538 U.S.____; 138 S. Ct. 13, 17 (2017) (citation omitted)
*Owens v Gribgsby* ................................................................................ 1
        575 B.R. 1 (Bankr. D.D.C. 2017)
*In re: Sobczak-Slomczewski* ................................................................. 1
        826 F.3d 429, 432 (7th Cir. 2016)
*Firestone v Firestone* .......................................................................... 2
        76 F.3d 1205, 1028 (D.C. Cir. 1996)
*Jay Edwards, Inc. v New England Toyota Distributor, Inc.* ................................ 6
        708 F.2d 825 (1st Cir. 1983)

*__Statutes__*

28 U.S.C. § 157(a) ............................................................................... 1

28 U.S.C. § 157(b) (1) .......................................................................... 1

28 U.S.C. § 1334 ................................................................................. 1

D.C. Code §12-301 ............................................................................... 9

*__Rules__*

Fed. R. Bankr. P. 8002 ......................................................................... 2

COMES NOW Appellee, Douglass Sloan ("Sloan", "Creditor", or "Appellee"), by and through the undersigned counsel, and hereby submits the following Appellee's Brief for the Court's consideration:

## I. STATEMENT OF JURISDICTION

This appeal arises from an order of the United States Bankruptcy Court for the District of Columbia denying the Appellant's Motion for Reconsideration of Judgment.  The Bankruptcy Court had jurisdiction to enter the final order pursuant to 28 U.S.C. §§ 157(a), 157(b)(1) and 1334.  However, the Appellant failed to timely file a notice of appeal and failed to file a timely motion to enlarge the time to appeal. These failures are jurisdictional defects that require dismissal of the appeal.

On January 3, 2018 the Bankruptcy Court issued a Memorandum Decision and Order Denying Appellant's Motion for Reconsideration.  On January 19, 2018 Appellant filed his Notice of Appeal and Statement of Election.  Appellant did not file a motion to enlarge the time to file a notice of appeal. Pursuant to Fed. R. Bankr. P. 8002, the period of time to file a notice of appeal was within 14 days after entry of the judgement, order, or decree being appealed.  "The failure to file a timely notice of appeal strips the district court of jurisdiction to hear the appeal." *In re: Sobczak-Slomczewski*, 826 F.3d 429, 432 (7th Cir. 2016); *Owens v Gribgsby,* 575 B.R. 1 (Bankr. D.D.C. 2017) The Appellant filed his notice of appeal 16 days after the entry

of the order that denied his Motion for Reconsideration. Thus, the notice of appeal was not timely filed and as a result the appeal must be dismissed.

It should be noted that the Appellant filed a Motion for Stay Pending Appeal which was denied because of the late filing of the appeal as well. The Bankruptcy Court wrote "The District Court would be required to raise the lack of a timely appeal as a jurisdictional defect requiring dismissal of the appeal. There is thus no likelihood of success of appeal." (DE111@1-3) "...courts are obliged to notice jurisdictional issues and raise them on their own initiative." *Hamer v Neighborhood Housing Servs. of Chicago,* 538 U.S.____; 138 S. Ct. 13, 17 (2017) (citation omitted)

## II. STANDARD OF REVIEW

As stated previously, this Court lacks jurisdiction to hear this appeal for the reason stated. However, the Appellee agrees with the Appellant that when a trial court denies a Rule 59(e) motion for reconsideration of a judgement, an appellate court reviews the matter to determine if there was an abuse of discretion. See *Firestone v Firestone,* 76 F.3d 1205, 1028 (D.C. Cir. 1996)

## III. STATEMENT OF THE CASE

The facts identified by the Appellant are correct; however, they are not complete. The Appellant failed to identify that throughout the proceeding in this matter Appellant, Carlos Roberto Allen ("Allen", "defendant", "debtor", or "Appellant") was represented by no less than 4 attorneys.

The first attorney – Richard H. Gins – entered his appearance on February 25, 2016 and represented Allen through July 26, 2016.  Mr. Gins appeared in multiple hearings and proceedings including Allen's 341 hearing before the Trustee: Wendell Webster.  Attorney Gins filed a motion to withdraw citing irreconcilable differences regarding strategy on July 25, 2016. (16-00023, DE 102) Allen filed a consent to Gins' withdrawal on July 20, 2016. (16-00023 DE 99)

Allen first filed the purported "Brooks Note" December 19, 2016. (16-10027, DE @pg. 46).  There were other times this note was filed to the court; however, never did it include a page 2. (See 16-10027 DE 27, Ex. H; DE 33@ 31-32; Trial Ex. 20)[1]

The second attorney was Edward Gonzalez.  He entered his appearance on February 11, 2017 and was granted a withdrawal by order of the court on June 27, 2017.  Attorney Gonzalez represented Allen in multiple proceedings including his deposition.  Attorney Gonzalez participated in the discovery process, prepared and filed a Pretrial Statement on Allen's behalf.   Attorney Gonzalez and Allen filed a joint consented motion for withdrawal on May 24, 2017 (16-10027 DE 52) [2]

The final attorneys to enter appearances were Alisha Gordon (#3) and William Byrd (#4).  They represented Allen during the pretrial hearing and through the trial.

---

[1] 16-10027 27, 33, or Trial Ex 20 were not included in the record transmitted on appeal; however, it is cited as a reference for the facts noted that was omitted in the recitation of facts by the Appellant.
[2] 16-00023 DE 99, 16-00023 DE 102, and 16-10027 DE 52, *Id.*

Allen filed his motion to reconsider and a reply to the opposition filed by the Creditor and at no time did he ever provide any plausible reason for why there was no second page of the Brooks note during the pendency of the trial.  Further, Allen never provided any reason why any of the financial records for a company he held with Karen Brooks were unavailable to him during the pendency of the trial.  None of which were provided in response to discovery or as exhibits at trial.

## ARGUMENT

1. THE BANKRUPTCY COURT PROPERLY EXERCISED ITS DISCRETION WHEN IT DENIED DEFENDANT ALLEN'S MOTION FOR RECONSIDERATION OF JUDGMENT BY FINDING THAT HE HAD FAILED TO REBUT THE PRESUMPTION OF LACK OF DUE DILIGENCE IN LOCATING DOCUMENTS AND PRESENTING THEM TO THE COURT FOR CONSIDERATION PRIOR TO TRIAL

Appellant, argues that the Bankruptcy Court abused its discretion when it denied Allen's Motion for Reconsideration and created a manifest injustice that must be corrected.  The Bankruptcy Court ("Court") did not fail to consider whether a manifest injustice would occur. It was identified as a part of the legal standard of the Memorandum Decision (DE91@6).   Further, the Court properly identified the discrepancies between Allen's different explanations for the failure to locate and present the evidence at trial.   The Court stated "...Allen explained his new submission of these documents in his *Motion* saying: "Had the debtor known that the validity of the Karen Brooks not [sic] was in question, he would had [sic] searched for the documents at his residence or contacted Karen Brooks like he did

after the decision..." (DE 91 @8-9) The Court identified how this position was contradicted by Allen in his reply where he contends that he *did ask* Karen Brooks about the existence of documents. (DE 82@3) Both positions cannot be true.

Allen never offered any explanation regarding why he failed to produce the second page of the purported Brooks Note until the submission of his Motion for Reconsideration.  Allen was a party to the purported Brooks Note; yet, he never identified it was not complete.  None of his attorneys objected to the submission as evidence either at the pretrial or during the trial.  In fact, during his trial testimony Allen testified that it was the contract he executed with Karen Brooks.

The "additional" documents Allen attempted to present as newly discovered evidence also fail to pass the Court's smell test.  Allen failed to provide any documents related to any of the companies he had incorporated although he had received multiple discovery requests. (DE 81@10-11) Allen has never explained why he could not have obtained banking records from AFS Mortgage (a company he incorporated with DCRA and for whom he was identified as President).  Large sums of money flowed into and out of the company; yet, no records were presented in response to discovery or for the purposes of supporting his claim of a debt being owed during the pendency of the trial. (DE 81 @13-14)

Further, Allen suggested that he was unable to serve Karen Brooks before trial. (DE 82 @4) Yet, he was able to contact her to obtain multiple affidavits to

support his trial strategy and he was able to contact her and obtain these documents shortly after he received an unfavorable ruling.  The Court properly identified the instructive case law in this context: *Jay Edwards, Inc. v New England Toyota Distributor, Inc.,* 708 F.2d 825 (1st Cir. 1983) "...[w]e cannot be impressed by the diligence of a party that fails to uncover evidence during four years of discovery that it manages to retrieve four weeks after losing the lawsuit..." The underlying DC Superior Court case in this matter was filed in 2013 and Allen discovery has been sought from Allen for almost 5 years.  The bankruptcy case associated with this appeal was filed in January 2016.  Allen failed to produce any documents in response to the Plaintiff's discovery requests related to any business entities.  Yet, within 2 weeks of receiving an adverse judgement he was able to contact Karen Brooks and obtain documents that had been unavailable for more than 4 years.  It is unlikely that he was unable to go to a bank and obtain records for accounts for which he was an authorized user.  Likewise, it is unlikely that he was unable to locate or contact his wife, whom he was able to reach to obtain affidavits whenever he needed them during the pendency of the trial.

The Court properly used its discretion to evaluate the evidence presented at trial, the character of the witness, and the filings presented to determine that Allen's first excuse was probably the truth: he did not seek the documents during the pendency of the trial.

2.  THE BANKRUPTCY COURT CORRECTLY DETERMINED THAT THE
    PURPORTED BROOKS NOTE WAS A SHAM AND BROOKS NEVER
    MADE A $102,000 LOAN TO ALLEN

Allen argues that the purported Brooks Note was legal, valid, and binding.  The
Court properly determined it was a sham.  Allen did not address why he (nor his
attorneys) had sought page 2 of the purported Brooks Note during the pendency of
the trial. Nor did the Appellant identify why neither Karen Brooks, Anna Allen, or
Carlos Allen identified the debt on any of the multiple bankruptcy filings submitted
to the bankruptcy courts of Maryland, the District of Columbia, or Georgia.  If the
debt was a legal, valid, and binding debt it was required to be listed on the schedules.
However, the debt Allen alleges was owed was never listed on any of the bankruptcy
filings by any of the parties to the debt.  The Court noticed that the debt was not
included on any of the parties bankruptcy filings. (DE 75 @19-20; fn 10@21) The
Court concluded that the failure to include the purported Brooks Note in the 2008
bankruptcy filing "...along with the incredible nature of Allen's testimony, suffices
to persuade me that the *Brooks Note* is fake." (DE 75 @20) The Court also found
that Allen had signed each of Anna Allen's bankruptcies filed in the District of
Columbia demonstrating that he was attesting to the accuracy and completeness of
the petition and schedules that failed to list any outstanding debt to Karen Brooks.
(DE 75 @21)  The Court also took notice that Allen did not make any disclosure of

his having prepared and signed each of his mother's past bankruptcies in the District of Columbia. (DE 75@24)

Additionally, Allen's testimony that the transfer of $270,000 to satisfy the debt was never supported by any documents to support the satisfaction. Allen was unable to cite any basis for the satisfaction. The interest rate would have required a much higher payment to Karen Brooks. The Court estimated that the amount owed would have been more than $450,000. (DE 75@22) Allen testified that he made no payments to Brooks at any time prior to the sale of the property and the transfer of funds. He also testified that he did not know how much the debt would have been at the time the payment was transferred to AMG.

Allen testified that his estranged wife, to whom he owed a massive debt, allowed him to satisfy a $450,000 debt with $270,000 payment. The mortgage business that the jointly owned had failed and was no longer profitable. He testified that his wife agreed to let him take the proceeds of the sale of the property for use in his speculative venture to become a rap artist and to market and sell merchandise. (DE 75 @24) The Court did not believe Allen's testimony.

Further, the Brooks Note indicated that the loan was secured by the property. The existence of the Brooks Note was contradicted by an email conversation between Anna Allen and LP Title in which Allen's mother instructed that one of the debts to be paid was not secured by the property but was a "private 2nd". (DE 75 @21) Later

in the same communication string Allen's mother sent a message confirming that the private funding of AMG is not secured against the property. (DE 75 @22)

Additionally, Allen never produced any correspondence, e-mails, records, or any other evidence that he had made any arrangements to repay the alleged loan that was the basis of the Brooks Note. The statute of limitations in the District of Columbia on this type of loan not secured by property is 3 years. (D.C. Code §12-301) The purported Brooks Note was signed September 23, 2005. The Brooks Note was never recorded as a lien or debt secured against the property with the DC Recorder of Deeds. The sale of the property occurred on August 2, 2013. Even if the Brooks Note were "real" her rights to recover would have not have been a superior to the Plaintiff's right to recover. Allen testified that he had made payments and promises to repay the debt to the Plaintiff through the date the Plaintiff filed suit in 2013.

It is clear by the evidence presented at trial, the existing bankruptcy court records, and the incredible testimony of Allen that the Brooks Note was fabricated. The Court properly exercised its discretion and determined that the Brooks Note was a sham and that Brooks never made a loan to Allen.

3. ALLEN'S PRO SE STATUS WAS NOT A FACTOR TO BE GIVEN DEFERENCE – HE WAS REPRESENTED BY COUNSEL THROUGH THE PENDENCY OF THIS LITIGATION

Counsel for Allen has valiantly sought to persuade this Court that Allen was *pro-se* and should be afforded deference as a result. He refers to the Memorandum

Decision (DE91) as being devoid of any acknowledgement that Allen was *pro-se*; however, he fails to acknowledge that for each of the reasons stated in the Memorandum Decision, Allen **was** represented by counsel. The Memorandum Decision refers to Allen's actions when he filed his bankruptcy, his actions during the discovery phase, his actions during trial, and lastly his post-trial actions.

As previously stated, Allen was represented by 4 attorneys throughout the pendency of this litigation. His appeal makes no mention of this fact. When the initial bankruptcy was filed by Allen he was *pro-se*; yet, he obtained counsel prior to his 341 hearing. Attorney Richard Gins was hired by Allen shortly after he filed his initial schedules. Attorney Gins filed amended schedules and appeared at hearings. Attorney Gins remained in the case until there were irreconcilable differences regarding trial strategy. Allen consented to his release and elected to move forward as a pro-se litigant until he was able to secure new counsel. (16-00023 DE99)

Subsequently, Allen hired Attorney Edward Gonzalez to represent him. Attorney Gonzalez represented Allen through the discovery period including 2 extensions of the discovery period to accommodate Allen. Attorney Gonzalez represented Allen through his deposition and hearings. Attorney Gonzalez and Allen jointly moved for Gonzalez's withdrawal. (16-10027 DE 99)

Lastly, Allen hired Attorneys Alisha Gordon and William Byrd.   They represented him through the conclusion of the trial.   None of the attorneys hired by Allen made any contentions that he was prejudiced in any way as a *pro-se* litigant. Each withdrawal was done at the request of Allen and he acknowledged that he was willing to proceed in a *pro-se* capacity.   As he was represented by counsel he was informed of the consequences of his election to terminate his counsel at the times when he chose to do so.

Allen did not seek the advice or assistance of any of his previous trial counsel prior to filing his Motion for Reconsideration.   Perhaps because they either advised or would have advised that he had no chance to win a motion to reconsider based on the evidence presented at trial.   It is unknown the actual reason he elected not to hire counsel for his motion.   Yet, he did seek counsel to file this appeal.   This evidences a personal election, not an unavoidable circumstance.   Allen chose his course of action and on at least 2 occasions it was against the advice of counsel.   Therefore, his choices to proceed without counsel cannot support the basis of the contention that he was subjected to manifest injustice.

## CONCLUSION

For the foregoing reasons, Plaintiff/Appellee Douglass Sloan, respectfully requests this Honorable Court dismiss this appeal for lack of jurisdiction; or in the alternative:

A. Find that the Bankruptcy Court properly exercised its discretion when it denied Allen's Motion for Reconsideration because he failed to act with due diligence prior to trial.

B. Find that the Bankruptcy Court properly exercised its discretion when it found that the purported Brooks Note was fabricated and that there was no loan to Carlos Allen from Karen Brooks.

Respectfully submitted,

_____
Howard Haley, Esq. #999376
The Haley Firm, PC
7600 Georgia Ave, NW
Suite 405
Washington, DC 20012
Office: (202) 810-6329
Fax: (202)706-7375
HaleyFirm@gmail.com
*Counsel for Plaintiff/Appellee*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 27, 2018, I caused a true and correct copy of the foregoing Brief for the Appellee to be served via the Court's ECF system to all registered participants in this matter, including:

Jon D. Pels, Esq.
4845 Rugby Ave, 3rd Floor
Bethesda, MD 20814
(301) 986-5570 (301) 986-5571 (F)
jpels@pallaw.com
*Counsel for Debtor / Defendant-Appellant*

_____
Howard Haley, Esq. #999376

12